IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charles Perez and Aydee Perez (h/w)<br>v.<br>Robert Bosch Tool Corporation, et al. | CIVIL ACTION<br><br>NO. 2:19-CV-05219 -KSM |

## JOINT RULE 26(f) REPORT

Following a fulsome discussion, as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

I. **Counsel**

    A. Lead counsel for Plaintiff(s): **Christy Adams, Esquire**

    B. Lead counsel for Defendant(s): **Robert M. Cook, Esquire & Stephen A. Sheinen, Esquire**

    C. Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

    **Christy Adams, Esquire**

    D. Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

    **Stephen A. Sheinen, Esquire**

II. **Description of Claims and Defenses**

The Parties should assume that the Court has read the Complaint and is familiar with the claims. However, the Court does not know all of the facts supporting those claims, nor the factual bases for the defenses. Therefore, counsel shall summarize the primary facts and threshold legal issues. **Counsel should not merely parrot their pleadings.** In addition, the Parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already

25745157.v1

(e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

**Plaintiff claims he suffered a severed left Achilles tendon while using a Bosch grinder to cut a plate. Plaintiff alleges he purchased the Bosch grinder, designed and/or manufactured by Robert Bosch Tool Corporation ("RBTC"), at a Home Depot U.S.A, Inc. ("Home Depot") store. Plaintiff contends that the Bosch grinder was defectively designed. Defendants maintain that the subject grinder, assuming that it is in fact a Bosch grinder that was sold by the Home Depot, was reasonably safe and fit for its intended use, when used properly.**

III.  **Anticipated Scope of Discovery**

  A.  Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.

  **Defendants will need to inspect the grinder to determine whether it was manufactured and/or designed by Bosch and the documents for the purchase of the grinder to verify that it was purchased at a Home Depot store. It may also be necessary for Defendants to test the subject grinder. Both Defendants will need to evaluate the nature of Plaintiff's injuries and their relationship to the incident and discovery Plaintiff's past interaction with the grinder and/or similar grinders.**

  B.  Anticipated number of interrogatories per Party:    **25**

  C.  Anticipated number of depositions per Party:    **5**

  D.  To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal. **RBTC does not expect to go beyond the presumptive limits.**

  E.  Do the Parties anticipate the need for any third-party discovery? **No.** If so, identify the likely third-parties and the discovery to be sought.

  F.  Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine.

  **Yes, experts will be necessary in this products liability case. Testimony will be needed on the reasonably safety of the grinder as well as Plaintiff's actions in operating the tool. Medical and economic experts may be needed as well.**

25745157.v1

IV.   **Status of Discovery**

The Parties must summarize the status of discovery to-date. If nothing has been done in terms of discovery, the Parties should explain why. In general, the Court prefers the parties to begin discovery prior to the Rule 16 conference.

**The parties will exchange Initial Disclosures prior to the Pretrial Conference.**

V.   **Proposed Case Management Deadlines**

When completing this section, the Parties should presume that the Court will <u>not</u> bifurcate fact and expert discovery. Therefore, the Parties should propose dates that take that presumption into account.

A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference):   **March 19, 2020**

B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays):   **April 20, 2020**

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any):   **October 21, 2020**

D. Deadline for rebuttal expert reports (if any):   **December 21, 2020**

E. Deadline to complete discovery:   **February 28, 2021**

F. If any Party seeks more than 120 days for fact discovery, explain why.

**This is a products liability case involving complicated liability issues. It is also apparently a case involving significant bodily injury, which will require extensive discovery, including perhaps two medical exams, a vocational exam and evaluation by an economist.**

G. Deadline to file motion for summary judgment:   **April 1, 2021**

## VI. Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition? ___ Yes  _XX_ No

If yes, what are those dates? _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside?

**The parties intend to set aside two dates for depositions and will confer within one week of the R. 16 conference.**

## VII. Electronic Discovery

**Prior to the Rule 16 conference**, the Court expects the Parties to have a thorough discussion about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any anticipated problems with electronic discovery. The Parties should summarize their discussion on these issues here. The Court expects counsel who attends the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation. If so, **the Parties should submit the stipulation to the Court in advance of the Rule 16 conference**. If not, the Parties should identify what issues need to be resolved to finalize the stipulation.

25745157.v1

VIII.   Protective Orders and Confidentiality Agreements

The Parties should indicate whether they anticipate the need for a protective order in this case. If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the Parties are directed to Judge Marston's Policies and Procedures concerning Protective Orders and Confidentiality Agreements.

**It will be necessary for there to be a Confidentiality Agreement in place before the Defendants produce confidential documentation, including, but not limited to, RBTC producing documents regarding the design and manufacturing of the product and Home Depot producing documents regarding its internal policies and procedures other than those documents reasonably obtainable by the public.**

IX.   Alternative Dispute Resolution

A.  Have the Parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

**It is premature for Defendants to engage in settlement discussions before RBTC confirms that it designed/manufactured the product at issue. The same is true with respect to Home Depot's sale of the product. Defendants will also need to obtain a complete set of Plaintiff's medical records before engaging in settlement discussions.**

B.  Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

**Not yet but the parties are willing to explore ADR and the assignment of this case to a Magistrate Judge.**

C.  Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

**It is not anticipated that this matter will be ripe for resolution at the Pretrial Conference, but Mr. Sheinen will have authority to generally discuss settlement.**

X. **Consent to Send Case to a Magistrate Judge**

The Parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

Defendants cannot commit to assigning the case to a Magistrate at this time.

XI. **Policies and Procedures**

Judge Marston's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Marston will strike pleadings and other submissions that do not comply with her Policies and Procedures.

XII. **Other Matters**

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

Date: 3-11-20

_____   _____
Counsel for Plaintiff       name      Counsel for Defendant name
        Christy Adams              Stephen A. Sheinen

25745157.v1